Eastern District of Kentucky
FILED

AUG 17 2005

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 04-081-GWU

BUFORD HOOKER,                                                    PLAINTIFF,


VS.                          **MEMORANDUM OPINION**


JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.


## I. INTRODUCTION

Counsel for the plaintiff in this case has filed a Motion for an award of attorney's fees under 28 U.S.C. Section 2412(d), the Equal Access to Justice Act (EAJA). The defendant has opposed the motion on only one ground–that the government's position had been "substantially justified".

## II. APPLICABLE LAW

The EAJA provides that attorney's fees and other expenses will be awarded to a party adverse to the United States when:

1)      the party seeking such fees is the "prevailing party" in a Civil action brought by or against the U.S.,

2)      an application for such fees, including an itemized justification for the amount requested, is timely filed within 30 days of final judgment in the action,

3)      the position of the government is not substantially justified, and

4)      no special circumstances make an award unjust.

28 U.S.C. Section 2412(d)(1)(A),(B).

Plaintiffs are a "prevailing party" under the EAJA "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) quoted in Perket v. Secretary of Health and Human Services, 905 F.2d 129, 131 (6th Cir. 1990). Trident Marine Construction v. District Engineer, etc., 766 F.2d 974.

The term "substantially justified" has been defined as meaning that the action was "justified, both in fact and in law, to a degree that would satisfy a reasonable person." Jankovich v. Bowen, 868 F.2d 867, 869b (6th Cir. 1989)(citations omitted). A finding that the government's position was not supported by substantial evidence does not automatically equate to a finding that it was not "substantially justified." Couch v. Secretary of Health and Human Services, 749 F.2d 360, 361 (6th Cir. 1984).

### III. DISCUSSION

The Commissioner does not challenge the itemization of fees by counsel for the plaintiff. She contends only that her position was "substantially justified."

The Court's basis for ordering a remand was that the ALJ's residual functional capacity (RFC) finding had fewer restrictions than any examining source who expressed an opinion. Thus, his conclusion was not supported by substantial evidence.

Although the Commissioner maintains that it is the ALJ's function to determine the RFC, this is not change the fact that once a claimant shows he cannot perform his past relevant work, the burden shifts to the Commissioner to establish that the claimant retains the residual functional capacity to perform "substantial gainful work which exists in the national economy [and s]ubstantial evidence must support a finding that the claimant has a vocational qualifications to perform specific jobs." Atterberry v. Secretary of Health and Human Services, 871 F.2d 567, 569 (6th Cir. 1989) (internal

quotation marks and citations omitted).

An order awarding counsel for the plaintiff fees will be entered.

This the _____17_____ day of August, 2005.


G. WIX UNTHANK
SENIOR JUDGE